

# Missouri Court of Appeals

## Southern District

## Division One

STEVEN J. MAPLES,                         )
                                          )
    Movant-Appellant,           )
                                          )
    v.                          )          No. SD35622
                                          )
STATE OF MISSOURI,                        )          **Filed: February 13, 2019**
                                          )
    Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Circuit Judge

## **AFFIRMED**

Steven J. Maples ("Movant") pled guilty to the class C felony of domestic assault in the second degree, a violation of section 565.073.[1]   He was sentenced to seven years of imprisonment in the Department of Corrections.  He filed an amended motion pursuant to Rule 24.035, asking the court to vacate his plea and sentence.  He claims that his trial counsel promised that he would receive 120-days shock treatment or long-term treatment and the possibility of his release on probation, and that he would not have pled guilty had he not been told by his attorney that he could receive 120-day shock for his plea.

---

[1] All references to statutes are to RSMo 2016, and all rule references are to Missouri Court Rules (2018), unless otherwise specified.  We note that section 565.073 was amended effective January 2017; however, Movant's offense was committed in 2015.

Movant's claim was rebutted by his trial attorney, who testified that the night before Movant's plea, he talked about whether Movant would accept the State's seven-year plea offer. During that conversation, he told Movant, "[I]t's the arraignment, we have plenty of time, we can try to get something better worked out[,]" and Movant responded, "[N]o, I want to take it tomorrow." Movant was specifically asked if he was positive he wanted to enter the plea. Trial counsel further stated that Movant was unusually cordial about taking seven years and that they did the math together on when he would be eligible for parole. Movant had no further questions, shook his attorney's hand, and thanked him for his hard work.

Trial counsel testified that Movant only received one plea offer for seven years because the victim was adamant that Movant not receive probation for her serious injury. Further, the prosecutor opposed anything less than seven years on a "C" felony in part because Movant made the statement to the police officer that the only reason Movant stopped hitting Victim with the chair was because the chair broke.

The motion court found Movant's claim to be not credible and the plea counsel and prosecutor to be credible.[2] Those findings doom Movant's appeal. We defer to the motion court's superior opportunity to judge the credibility of the witnesses. ***Barton v. State***, 432 S.W.3d 741, 760 (Mo. banc 2014). The point is denied.

The judgment is affirmed.

Nancy Steffen Rahmeyer, J. – Opinion Author

Don E. Burrell, P.J. – Concurs

Gary W. Lynch, J. – Concurs

---

[2] The court also noted that the original charge was an "A" felony.